# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN BONDS,**

    **Plaintiff,**

v.                                              **Civil Action No. 1:08cv78**
                                                **(Judge Keeley)**

**WILLIAM M. FOX, DR.**
**LARRY WILLIAMSON,**
**JIM RUBENSTEIN,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On February 13, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff alleges claims of deliberate indifference, medical negligence and medical malpractice. On June 23, 2008, defendants Fox and Rubenstein were dismissed from the action with prejudice and the Clerk was directed to issue a summons and complaint to the United States Marshal Service for Dr. Williamson. Dr. Williamson filed a Motion to Dismiss the complaint on August 6, 2008.

On August 7, 2008, the Court issued a Roseboro Notice in which the plaintiff was advised of his right to file a response to the defendant's motion to dismiss. Although the plaintiff was given twenty (20) days to do so, he did not file a response to the defendant's motion. This case is now before the Court for a report and recommendation on the defendant's motion to dismiss.

### II. Standard of Review

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-

pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### III.   Contentions of the Parties

**A.   The Complaint**

In the complaint, the plaintiff asserts that although he was diagnosed with a groin hernia, he was told by "the doctor" that surgery would not be performed unless the plaintiff was at the point where he could no longer walk. Moreover, in response to certain grievances he filed, the plaintiff was informed that the West Virginia Divisions of Corrections ("DOC") considers hernia repair surgery an elective surgery and that he would have to wait until his release to have it done. The plaintiff, however, suggests that other inmates have had hernia repair operations while incarcerated. The plaintiff further asserts that by failing to perform hernia repair surgery on him, the defendant is unnecessarily prolonging his pain and suffering. Additionally, the plaintiff asserts that such failure deviates from accepted medical practice and breaches the duty of care owed to him. As relief, the plaintiff seeks an Order directing the defendant to provide him with hernia repair surgery. In addition, the plaintiff seeks compensatory and punitive damages.

**B.   The Defendant's Motion to Dismiss**

In his motion to dismiss, Dr. Williamson asserts that the plaintiff's complaint should be dismissed for the following reasons:

(1) The plaintiff's claims of medical negligence and malpractice are subject to the requirements of the West Virginia Medical Liability Act ("MPLA"), W.Va. Code 55-7B-6, to which the plaintiff has failed to comply prior to filing suit.

(2) The plaintiff fails to state with the appropriate specificity the date on which the alleged acts or omissions occurred, and in fact, does not even allege that Dr. Williamson is the physician that treated him. Therefore, the defendant asserts that the plaintiff has insufficiently plead his claims.

(3) The plaintiff's claim is nothing more than a disagreement with the medical community over whether hernia repair surgery is an elective procedure or a medical necessity.

(4) The fact that other inmates may have received hernia repair surgery while incarcerated is inapposite. Whether or not such surgery is necessary depends on the particular circumstances of the person.

(5) The complaint reveals that the plaintiff received medical treatment and his claim of deliberate indifference is without merit.

(6) Prisoners do not have a right to elective surgery at taxpayer expense. The plaintiff's complaint merely alleges that the defendant complied with DOC policy regarding elective surgery.

(7) The plaintiff has failed to show that the defendant was the person who determined that hernia repair surgery is an elective surgery, or that the Constitution does not provide the plaintiff with a right to such elective surgery.

(8) The plaintiff was released form prison in July of 2008, and his request for hernia surgery is moot.

### IV.  Analysis

**A.  Medical Negligence and Medical Malpractice Claims**

To succeed on a claim of medical negligence or medical malpractice in West Virginia, the plaintiff must prove:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. <u>Banfi v. American Hospital for Rehabilitation</u>, 529 S.E.2d 600, 605-606 (W.Va. 2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for

> each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va.2004).[1]

With regard to the appropriate standard of care, the plaintiff has completely failed to sustain his burden of proof. The plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of a hernia.[2] Under the circumstances of this case, the plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's alleged breach of the duty of care. Moreover, to the extent the plaintiff's medical negligence claims arise in West Virginia, there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6. Accordingly, the plaintiff's medical negligence and medical malpractice claims should be dismissed for failure to comply with the threshold requirements set forth in W.Va. Code §55-7B-6.

B. **Deliberate Indifference**

---

[1] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[2] Plaintiff offers no pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a hernia, and copies of plaintiff's medical records are insufficient to establish the standard of care.

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the Defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v.

Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

1. Request for Surgery

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

The plaintiff has been released from prison during the pendency of this case. Therefore, the Court is unable to direct the DOC to provide the plaintiff with the requested surgery. Accordingly, the plaintiff's request for an Order directing the DOC to provide him with hernia repair surgery is moot.

2. Compensatory and Punitive Damages

Construing the *pro se* plaintiff's complaint liberally, and reviewing it in the light most

favorable to the plaintiff, the undersigned is of the opinion that the issue of whether hernia surgery was appropriate in the plaintiff's situation, and whether he received adequate medical treatment for his hernia condition, are issues of fact for which summary dismissal is not appropriate at this time. Although counsel for the defendant argues that Dr. Williamson followed the appropriate medical standards in treating the plaintiff, he supplies no affidavits or medical records to establish what care the plaintiff did receive or how and why it was adequate given the plaintiff's condition.

## V.   Recommendation

For the reasons set forth in this Opinion, the undersigned recommends that the defendant's Motion to Dismiss (dckt.18) be **GRANTED in part** and **DENIED in part.**  Specifically, the undersigned recommends that the defendant's motion be granted to the extent that it requests the dismissal of the plaintiff's medical negligence and medical malpractice claims and his request for an order mandating surgery.  On the other hand, the undersigned recommends that the defendant's motion be denied to the extent that it requests the dismissal of the plaintiff's claims for compensatory and punitive damages for the deliberate indifference to his serious medical needs as there currently exists disputed issues of fact.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 19, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE