IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN BONDS,**

  **Plaintiff,**

**v.**            **Civil Action No. 1:08CV78**
                **(Judge Keeley)**

**DR. LARRY WILLIAMSON,**

  **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On February 13, 2008, pro se plaintiff John Bonds ("Bonds") filed a complaint pursuant to 42 U.S.C. § 1983. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with 28 U.S.C. § 1915A and Local Rule of Prisoner Litigation 83.02. On May 23, 2008, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Bonds' claims against two of the original defendants be dismissed, but that Bonds be permitted to pursue his claims against Dr. Larry Williamson ("Williamson"). The Court adopted the Magistrate Judge's R&R on June 23, 2008, and the Complaint was served on Williamson the same day.

On August 6, 2008, Williamson filed a motion to dismiss the Complaint, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Williamson alleged that Bonds' claims against him for medical negligence and malpractice are subject to the West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-6.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Because Bonds had failed to comply with the statutory prerequisites for filing an action under that Act against a health care provider, Williamson argued that those claims should be dismissed. Williamson further argued that Bonds' claims for deliberate indifference should be dismissed, however he failed to provide any affidavits or medical records to support his position.

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Magistrate Judge Kaull issued a notice to Bonds on August 7, 2008, advising Bonds of his right to respond to Williamson's motion to dismiss, and warning him that failure to respond could result in the entry of an order of dismissal against him. Bonds did not respond.

On September 19, 2008, Magistrate Judge Kaull issued a second R&R, recommending that Williamson's motion to dismiss be granted-in-part and denied-in-part. After reviewing the motion on its merits, Magistrate Judge Kaull found that the medical negligence and medical malpractice claims should be dismissed for failure to comply with the threshold requirements set forth in W.Va. Code § 55-7B-6. He also recommended dismissing Bonds' request for an order mandating hernia surgery, because Bonds was released from incarceration in July 2008, and thus such request is now moot. Magistrate Judge Kaull recommended denying the motion to dismiss, however, finding that disputed issues of fact exist as to Bonds

2

claims for compensatory and punitive damages for the alleged deliberate indifference to his serious medical needs.

The R&R also specifically warned Bonds that failure to object to the recommendation would result in the waiver of his appellate rights on this issue. Nevertheless, no objections have been filed.[1]

Consequently, the Court **ADOPTS** the R&R (dkt. no. 23) in its entirety and **ORDERS** the following:

- Williamson's motion to dismiss (dkt. no. 18) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

- Bonds' claims alleging medical negligence and medical malpractice are **DISMISSED**;

- Bonds' claim seeking emergency hernia surgery is **DENIED-AS-MOOT** and **DISMISSED**.

Because Williamson's motion to dismiss is denied as to Bonds' claims alleging compensatory and punitive damages for deliberate indifference to his serious medical needs, the case is referred back to the Magistrate Judge for further proceedings, pursuant to 28 U.S.C. § 636.

It is so **ORDERED.**

---

[1] Bonds' failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record, and to send a copy to the pro se plaintiff, by certified mail, return receipt requested.

Dated: October 21, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE