# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN BONDS,**

    **Plaintiff,**

**v.**                                                       **Civil Action No. 1:08cv78**
                                                                 **(Judge Keeley)**

**WILLIAM FOX,**
**DR. LARRY WILLIAMSON,**
**JIM RUBENSTEIN,**

    **Defendants.**

## AMENDED OPINION/REPORT AND RECOMMENDATION[1]

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on February 13, 2008. The plaintiff was granted permission to proceed as a pauper and paid an initial partial filing fee on May 21, 2008.

On May 23, 2008, the undersigned conducted a preliminary review of the complaint and recommended that the plaintiff's claims against defendants William Fox and Jim Rubenstein be dismissed with prejudice, but that the plaintiff's claims against defendant Larry Williamson ("Dr. Williamson") proceed. Dckt. 8. The plaintiff failed to file objections to the Report and Recommendation and that recommendation was adopted by United State District Judge Irene M. Keeley on June 23, 2008. Dckt. 13. Dr. Williamson was served with a copy of the summons and complaint on June 30, 2008. Dckt. 21.

On August 6, 2008, Dr. Williamson filed a motion to dismiss the plaintiff's complaint. Dckt. 18. Because the plaintiff is proceeding *pro se*, the Court issued a Roseboro Notice on August 7,

---

[1] The sole purpose of this Amended Opinion/Report and Recommendation is to include language informing the plaintiff that he has ten (10) days to submit objections to the Report and Recommendation. All other aspects of the report remain the same.

2008. Dckt. 19. The plaintiff filed no response to the defendant's motion to dismiss.

On September 19, 2008, the undersigned reviewed the defendant's motion to dismiss and recommended that the defendant's motion be granted in part and denied in part. Dckt. 23. Specifically, the Order recommended that the defendant's motion be granted to the extent that it requested dismissal of the plaintiff's medical negligence and medical malpractice claims and his request for an order mandating surgery. However, the Order also recommended that the defendant's motion be denied to the extent that it requested the dismissal of the plaintiff's claims for compensatory and punitive damages against Dr. Williamson for deliberate indifference to the plaintiff's serious medical needs. Neither party filed objections to the September 19, 2008, Report and Recommendation and Judge Keeley adopted the Report and Recommendation on October 21, 2008. Dckt. 25.

On October 28, 2008, the undesigned issued a First Order and Notice Regarding Discovery and Scheduling. Dckt. 26. In that Order, the parties were directed to conduct discovery within 120 days of the date of the Order and to file all dispositive motions within 150 days of the Order.

Thereafter, Dr. Williamson filed an Answer to the complaint and several Certificates of Service which show that he sent certain discovery requests to the plaintiff. See dckt. 29, 30, 32. This case is now before the Court on Dr. Williamson's Motion to Compel and Impose Sanction of Dismissal of Plaintiff's Complaint. Dckt. 33.

In his motion to compel, Dr. Williamson asserts that he served the plaintiff a First Set of Interrogatories on November 6, 2008. Dckt 33 at 1. A response was due December 6, 2008. *Id.* Dr. Williamson further asserts that he sent the plaintiff a Request for Admissions on November 10, 2008. *Id.* A response was due December 10, 2008. *Id.* To date, the defendant has not received a

response to either request. *Id.*

On November 6, 2008, counsel for Dr. Williamson also sent the plaintiff a letter requesting dates for the depositions of the plaintiff's expert witnesses. *Id.* No response was received. *Id.*

On December 17, 2008, counsel for Dr. Williamson sent the plaintiff a letter reminding him that his responses to the defendant's discovery requests were overdue. *Id.* at 2. The plaintiff was advised that if no response was received, the defendant would file a motion to compel. *Id.* The letter also renewed the defendant's request for deposition dates for the plaintiff's expert witnesses. *Id.* No response was received. *Id.*

Because the plaintiff has failed to cooperate with discovery, or respond to any request from Dr. Williamson's counsel, the defendant asserts that no conference has taken place as required in LR Civ P 37.02. *Id.* Moreover, the defendant asserts that he has attempted to conduct discovery in an appropriate and reasonable manner pursuant to the Court's Order. *Id.* Nonetheless, the plaintiff has completely failed to cooperate with discovery, and in fact, has failed to even acknowledge any communication made by defendant's counsel. *Id.* Thus, because this case cannot proceed further without the plaintiff's cooperation, Dr. Williamson asserts that the plaintiff has clearly abandoned this suit. *Id.* Consequently, Dr. Williamson moves for dismissal of the plaintiff's complaint. *Id.*

In light of the allegations made in Dr. Williamson's motion, on January 30, 2009, the undersigned directed the plaintiff to show cause, within ten days, why Dr. Williamson's motion should not be granted and this case dismissed for the failure to prosecute. Dckt. 34. Plaintiff personally accepted service of that Order on February 10, 2009. Dckt. 35 (signed green card). The plaintiff has not filed a response to the Court's Order.

Based on the facts alleged in the defendant's motion, and the plaintiff's failure to respond

to the Show Cause Order of January 30, 2009, the undersigned is of the opinion that the plaintiff has abandoned this suit and that he no longer wishes to continue the prosecution of this case. Accordingly, the undersigned recommends that the defendant's Motion to Compel and Impose Sanction of Dismissal (dckt. 33) be **GRANTED** and the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Amended Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 15, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE